DISCIPLINARY COUNSEL *v.* WICKS.

[Cite as *Disciplinary Counsel v. Wicks,* 109
Ohio St.3d 1204, 2006-Ohio-2581.]

(No. 2006–0432—Submitted April 21, 2006—Decided April 28, 2006.)

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On February 28, 2006, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Arizona entered October 18, 2005, in *In the Matter of a Member of the State Bar of Arizona, Michael J. Wicks,* in Case No. SB–05–0140–D, in which the Supreme Court of Arizona censured respondent and placed him on probation for a period of one year. On March 21, 2006, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

{¶ 3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Michael J. Wicks, Attorney Registration No. 0022489, last known business address in Phoenix, Arizona, be publicly reprimand-ed and placed on probation for a period of one year and respondent's probation will not be terminated until such time as respondent's probation has been terminated in the state of Arizona.

{¶ 4} IT IS FURTHER ORDERED, sua sponte, by the court that, within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 5} IT IS FURTHER ORDERED that at the end of the probationary period respondent may apply for termination of probation. It is further ordered that

respondent's probation will not be terminated until (1) respondent files proof of termination of probation in Arizona; (2) respondent files an application for termination of probation in accordance with Gov.Bar R. V(9)(D); (3) relator files a report with the Clerk of the Supreme Court indicating that respondent has complied with the terms and conditions of probation during the probationary period; (4) respondent complies with this order and all other orders issued by this court; (5) respondent complies with the Rules for the Government of the Bar of Ohio; and (6) this court issues an order terminating respondent's probation.

{¶ 6} IT IS FURTHER ORDERED that until such time as respondent fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

{¶ 7} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 8} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Section.

{¶ 9} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.